IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| PAULINE RODRIGUEZ, *individually and on behalf of all others similarly situated*, 141 N. 57th Street Philadelphia, PA 19139 : : : : : : Plaintiff, : : : v. : : FORMAN MILLS, INC. : 2900 N. Broad Street : Philadelphia, PA 19132 : : : Defendant. : | Civil Action: _____ JURY TRIAL DEMANDED |

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Pauline Rodriguez ("Plaintiff"), by and through her attorneys, brings this action individually and on behalf of all other persons similarly situated against Forman Mills, Inc. ("Defendant") and alleges, upon personal belief as to her own acts, and upon information and belief as the acts of others, as follows:

## NATURE OF THE ACTION

1.  Plaintiff brings this Complaint contending that Defendant has failed to properly pay her and all similarly situated employees of Defendant overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* and the Pennsylvania Minimum Wage Act ("PMWA").

2.  At all times material hereto, Plaintiff was employed by Defendant as a Loss Prevention Manager ("LPM"). Plaintiff regularly worked more than forty (40) hours per week, but has not been properly compensated for her work in that she has not been paid an overtime

premium calculated at 1.5 times her regular rate of pay for each hour worked in excess of 40 (forty) hours in a work week, as required by the FLSA.

3. In this regard, Defendant has engaged in a long-term scheme of wage abuse against its LPMs, and others similarly situated, habitually deducting thirty (30) minutes of compensable pay from each shift worked, regardless of whether Plaintiff and all those similarly situated actually received an uninterrupted, thirty (30) minute break. Defendant's conduct resulted in unpaid wages and overtime compensation in violation of the FLSA and PMWA.

4. Plaintiff brings this action on a representative basis seeking monetary damages, declaratory and injunctive relief, and other equitable and ancillary relief, to seek redress to Defendant's willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer ... in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

6. The Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as the FLSA claims.

8. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

9. Plaintiff currently resides at 141 N. 57th Street, Philadelphia, Pennsylvania 19139, and is a former employee of Defendant.

10. Defendant is a "private employer" and covered by the FLSA.

11. Upon information and belief, Defendant Forman Mills, Inc. is a for-profit business entity, duly organized and existing under the laws of the Commonwealth of Pennsylvania, and is registered and licensed to engage in business, and is engaged in business, in the Eastern District of Pennsylvania, and the Commonwealth of Pennsylvania, with a principal place of business located in the Eastern District of Pennsylvania, and in the Commonwealth of Pennsylvania, and an office address registered with the Pennsylvania Secretary of State of 4742 Frankford Avenue, Philadelphia, Pennsylvania 19124.

12. Upon information and belief, Defendant is a covered employer under the FLSA in that, during the course of Plaintiff's employment, it had an annual dollar volume of sales or business done of at least $500,000, and has multiple employees (including, but not limited to Plaintiff and Class Plaintiffs) who handle otherwise work on goods or materials that have been moved in or produced for commerce.

13. Plaintiff and, upon information and belief, Class Plaintiffs was/were employees who were engaged in commerce and employed by Defendant during all times relevant hereto and, as such, were employees entitled to the FLSA's protections. See 29 U.S.C. 203(e).

14. At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15. Paragraphs 1 through 14 are hereby incorporated as though same were fully set forth at length herein.

16. This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

17. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the position of Loss Prevention Manager, or in positions with similar job duties who were similarly subject to Defendant's unlawful meal break policy, such as Loss Prevention Agent ("LPA") and Loss Prevention Retail ("LPR"), who worked for Defendant any point in the three (3) years preceding the date the instant action was initiated and were paid on an hourly basis (the members of the putative class are hereinafter referred to as the "Class Plaintiffs").

18. Plaintiff estimates that there are approximately forty five (45) individuals who either are or were employed by Defendants in the positions of LPM, LPA, or LPR who were impacted by the unlawful pay practices alleged herein during the past three (3) years.

19. In violation of the provisions of the FLSA, Defendant failed to pay Plaintiff and similarly situated employees compensation and/or overtime compensation for all hours worked over forty (40) in a week.

20. In violation of the FLSA, Defendant also failed to accurately track, record, and report the hours worked by Plaintiff and similarly situated employees. This policy and practice of Defendant is unequivocal evidence of Defendant's willful and improper failure to follow the provisions of the FLSA.

21. In violation of the FLSA, Defendant failed to pay Plaintiff and similarly situated employees for work performed during unpaid meal breaks.

22. Plaintiff will request the Court to authorize notice to all current and former similarly situated employees employed by Defendant, informing them of the pendency of this

action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

23.     Paragraphs 1 through 22 are hereby incorporated by reference as though the same were fully set forth at length herein.

24.     Plaintiff brings this action individually, and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rule of Civil Procedure:

> All persons presently or formerly employed by Defendant Forman Mills, Inc. l during the last three (3) years in the position of Loss Prevention Manager, or in positions with similar job duties, such as Loss Prevention Agent and Loss Prevention Retail, who were subject to Defendant's unpaid meal break policy and denied overtime compensation for work performed in excess of 40 hours in a work week.

25.     The members of the class are so numerous that joinder of all members is impractical.  Class members may be informed of the pendency of this Class Action by direct mail.

26.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

      a.     Whether Defendant failed to properly compensate Plaintiff and Class Plaintiffs for all hours worked;

      b.     Whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

      c.     Whether Plaintiff and the Class worked in excess of 40 hours per week;

      d.     Whether Defendant required Plaintiff and the Class to work in excess of forty (40) hours per week;

      e.     Whether Plaintiff and the Class have suffered and are entitled to damages,

and, if so, in what amount;

      f.      Whether Defendant engaged in a pattern and/or practice of not accurately tracking or recording all hours Plaintiff and the Class worked;

      g.      Whether Defendant has refused to accept Plaintiff and the Class' reports that they were not receiving compensation for work performed during interrupted meal periods;

      h.      Whether Defendant threatened Plaintiff and the Class for reporting and requesting compensation for work performed during unpaid meal periods;

      i.      Whether Defendant failed to provide uninterrupted meal periods as required by Defendant's written policies, practices, and agreements;

      j.      Whether Defendant promulgated and/or maintained an effective method for Plaintiff and the Class to request compensation for missed meal breaks; and

      k.      Whether Defendant failed to compensate Plaintiff and the Class for interrupted meal periods.

27.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and sufficient adjudication of this controversy.  The Class is readily identifiable from Defendant's payroll records.

28.    Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for the Defendant.

29. A class action is superior over other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Additionally, the amounts at stake for each of the Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

30. Without a class action, Defendant will likely retain the benefit of its wrongdoing and will continue in its flagrantly abusive course of action, which will result in further damages to Plaintiff and the Class. Plaintiff envisions no difficulty in the management of this action as a class action.

## FACTUAL ALLEGATIONS

31. Paragraphs 1 through 30 are hereby incorporated by reference as though the same were fully set forth at length herein.

32. Plaintiff began her employment with Defendant in or around May 2019, when she was hired as a Loss Prevention Manager ("LPM").

33. Plaintiff continued working for Defendant as an LPM until her separation from employment on or around February 25, 2022.

34. Upon information and belief, Defendant employs or has employed in excess of forty (40) other individuals in the position of LPM.

35. Upon information and belief, Defendant also employs dozens of additional individuals that were or are similarly subject to Defendant's unlawful pay practices described herein, including LPAs and LPRs.

36. Plaintiff's and Class Plaintiffs' job duties predominantly included loss prevention services.

37. Plaintiff often worked in excess of forty (40) hours per week. In fact, on many occasions Plaintiff was scheduled to and did work up to sixty (60) hours per week.

7

38. Upon information and belief, Class Plaintiffs often were scheduled to and did work in excess of forty (40) hours per week. In fact, upon information and belief, on many occasions Class Plaintiffs were scheduled to and did work up to sixty (60) hours per week.

39. Although Defendant generally paid Plaintiff and Class Plaintiffs wages and overtime compensation for their scheduled hours of work, Defendant maintained a policy and practice of deducting a half hour of pay for each shift for an unpaid meal break Plaintiff and Class Plaintiffs were supposed to receive.

40. Nevertheless, Plaintiff and, upon information and belief, Class Plaintiffs, were routinely forced to work through their unpaid meal breaks.

41. Indeed, Plaintiff and, upon information and belief, Class Plaintiffs, never received a full, uninterrupted meal break as required under the FLSA/PMWA, due to workload, understaffing, and/or Defendant's failure to provide adequate coverage.

42. By way of example, during the workweek of February 7, 2022, Plaintiff worked through her meal breaks and was docked for the meal breaks she missed, resulting in the denial of overtime compensation.

43. Despite knowing that Plaintiff and Class Plaintiffs were regularly working through their meal breaks without pay, Defendant did not take action to ensure that Plaintiff and Class Plaintiffs either received a full, uninterrupted meal break, or else were not docked pay for meal breaks not taken.

44. More specifically, on several occasions, Plaintiff and, upon information and belief, Class Plaintiffs, complained about Defendant's meal break policy directly to District Managers.

45. In response, Defendant's District Managers told Plaintiff and, upon information and belief, Class Plaintiffs, that the thirty (30) minutes were "coming out of your checks regardless" and that it "didn't matter" that the thirty (30) minutes were interrupted.

46. In violation of the provisions of the FLSA and PMWA, Defendant unlawfully failed to track, record, and report all the hours worked by Plaintiff and Class Plaintiffs.

47. It is Defendant's policy and practice to automatically deduct thirty (30) minutes of compensation from each hourly employee during each scheduled shift.

48. Plaintiff and Class Plaintiffs, however, do not receive an uninterrupted thirty (30) minute meal break during every shift worked, and routinely perform work during their meal periods on a near-daily basis.

49. These policies and practices, in addition to Defendant's response thereto, are further proof and evidence of Defendant's willful and unlawful practice of not paying Plaintiff and Class Plaintiffs for all hours worked and of Defendant's failure to follow the provisions of the FLSA.

50. As a result of the aforementioned policies and practices of Defendant, Plaintiff and Class Plaintiffs are denied, on a near-daily basis, overtime compensation for, at a minimum, thirty (30) minutes of compensable work performed. Upon information and belief, Defendants had and continues to have an unlawful practice and policy of unlawfully depriving Plaintiff and Class Plaintiffs of overtime compensation for all compensable work performed.

51. The aforementioned policies and practices of Defendant violate the FLSA and PMWA.

52. Defendant knew or showed reckless disregard in its failure to track and record the hours actually worked by Plaintiff and Class Plaintiffs, and in its failure to properly compensate

Plaintiff and Class Plaintiffs for all wages, compensation, and overtime pay, in violation of the FLSA.

53. In fact, Defendant discouraged Plaintiff and Class Plaintiffs from reporting that they did not receive their meal breaks and did not provide a method and/or procedure for Plaintiff and Class Plaintiffs to report that they did not take and/or receive a meal break.

54. Since they are/were paid on an hourly basis, Plaintiff and Class Plaintiffs are categorically disqualified from the exemptions from overtime for executive, administrative, and/or learned professionals under the FLSA and PMWA.

55. Plaintiff and Class Plaintiffs are/were non-exempt employees under the FLSA and PMWA and were entitled to receive overtime compensation for all hours worked over forty (40) in a workweek.

56. Defendant failed to pay Plaintiff and Class Plaintiffs at a rate of at least 1.5 times their regular rate of pay for each hour that they worked in excess of 40 hours in a work week.

57. As a result of Defendant's aforesaid willfully unlawful actions, Plaintiff and Class Plaintiffs have suffered damages.

58. Defendant failed to maintain accurate records for each employee for hours actually worked, as required by law. See C.F.R. § 516.2(a)(7).

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 201, et seq.**
**FAILURE TO PAY OVERTIME COMPENSATION**

59. Paragraphs 1 through 58 are hereby incorporated by reference as though same were fully set forth at length herein.

60. Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of (40) forty hours per week.

61. According to the policies and practices of Defendant, Plaintiff and Class Plaintiffs were required to work in excess of forty (40) hours per week.  Plaintiff and Class Plaintiffs were denied overtime compensation for compensable work performed in excess of forty (40) hours per week, in violation of the FLSA.

62. Defendant also failed to pay Plaintiff and Class Plaintiffs for all hours worked, including for work performed for Defendant during their unpaid meal breaks.

63. The foregoing actions of Defendant violate the FLSA.

64. Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

65. Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C.  216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of herself and Class Plaintiffs:

A. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all employees who have worked for Defendant during the preceding three (3) years in the positions of LPM, LPA, and LPR, compensated on an hourly basis, who were also subject to Defendant's unlawful pay practices, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these

11

individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid compensation and/or overtime pay as required by the FLSA;

      C.      Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

      D.      Adjudicating and declaring that Defendant violated the FLSA by failing to pay compensation and/or overtime pay to Plaintiff and Class Plaintiffs for compensable hours in excess of (40) forty hours per week and for all hours worked;

      E.      Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

      F.      Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

      G.      Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

      H.      Awarding pre and post-judgment interest and court costs as further allowed by law;

      I.      Granting Plaintiff and the Class Plaintiffs leave to add additional plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

      J.      For all additional general and equitable relief to which Plaintiff and the Class may be entitled.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
## 43 P.S. § 333 *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

66. Paragraphs 1 through 66 are hereby incorporated by reference as though same were fully set forth at length herein.

67. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

68. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek.  See 43 P.S. § 333.113.

69. By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiff and Class Plaintiffs for all hours work.

70. As a result of Defendant's unlawful acts, Plaintiff and the Class Plaintiffs have been deprived of overtime compensation in amounts to be determinate at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, on behalf of herself and the Class Plaintiffs, pray for judgment against Defendant as follows:

A. An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and their counsel as class counsel;

B. An award to Plaintiff and the Class for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C. An award to Plaintiff and the Class of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D.      An award to Plaintiff and the Class for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:     */s/ Andrew J. Schreiber*
        Andrew J. Schreiber, Esquire
        Michael Murphy, Esquire
        Eight Penn Center, Suite 2000
        1628 John F. Kennedy Blvd.
        Philadelphia, PA 19103
        TEL: 267-273-1054
        FAX: 215-525-021
        aschreiber@phillyemploymentlawyer.com
        murphy@phillyemploymentlawyer.com
        Attorneys for Plaintiff

**Dated:** April 6, 2022

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.